IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 394 MOC WCM

| | | |
|---|---|---|
| LOUIS D. GIBSON | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| GILES CHEMICAL CORP. | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions:

1. Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (the "Application," Doc. 2); and

2. Motion for Extension/Request to Proceed In Forma Pauperis (the "Motion for Extension," Doc. 3).

Upon review of the Application, it appears that Plaintiff has limited income and assets and is entitled to proceed *in forma pauperis* in this case. To the extent the Motion for Extension is a duplicate request to proceed *in forma pauperis*, the Motion for Extension will be denied as moot.

Additionally, in the Motion for Extension, Plaintiff asserts that "limited resources have caused impediments in filing this petition in a timely [manner]" and requests an "extension of time to file petition pursuant to Title VII of the Civil Rights Act of 1967." Doc. 3, at 1-2. However, Plaintiff filed his Complaint

on December 28, 2020 and therefore the request for an extension is moot. Doc. 1. To the extent Plaintiff is requesting a preemptive determination that his Complaint is timely, such an issue is more appropriately considered (if applicable) in the context of a dispositive motion. See e.g. Diamond-Martinez v. Esper, No. 5:18cv324-FL, 2019 WL 2580564, at *3 (E.D.N.C. June 21, 2019) (explaining that Title VII's timely filing requirements are not jurisdictional, and are instead "'like a statute of limitations,…subject to waiver, estoppel, and equitable tolling.'") (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005)).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2) is **GRANTED**, and Plaintiff is permitted to proceed without prepayment of the filing fee or giving security therefor.
2. The Court further **DIRECTS** that:
    a. Plaintiff shall prepare summonses for Defendant and submit the summonses to the Clerk within fourteen (14) days of the entry of this Order;
    b. Upon receipt of the summonses, the Clerk shall deliver process to the United States Marshals Service for service;

    c. The United States Marshals Service shall serve process upon Defendant at the expense of the United States Government; and

    d. Notwithstanding service of process by the United States Marshals Service as directed herein, Plaintiff remains responsible for making sure that service is effected properly pursuant to the Rules of Civil Procedure.

3. Plaintiff's Motion for Extension/Request to Proceed In Forma Pauperis (Doc. 3) is **DENIED AS MOOT**.

Signed: January 5, 2021

W. Carleton Metcalf
United States Magistrate Judge