# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:20-cv-394-MOC-WCM

| | |
|---|---|
| LOUIS D. GIBSON, | ) |
|       Plaintiff, pro se, | ) |
| vs. | ) |
| GILES CHEMICAL CORPORATION, | )   **ORDER** |
|       Defendant. | ) |

**THIS MATTER** is before the Court on the pro se Plaintiff's Motion to Recall this Case from Arbitration on Motion to Reconsider Order Compelling Arbitration. (Doc. No. 30). Defendant has filed a response in opposition to the motion. (Doc. No. 32).

Plaintiff raises his claimed indigency as a reason to return this matter to federal court and not proceed with arbitration as agreed as a condition of his employment. It is Plaintiff's burden to establish that the costs of arbitration would be prohibitive. Plaintiff must present sufficient evidence of (1) the cost of arbitration; (2) his ability to pay; and (3) the difference in cost between arbitration of this dispute and litigation. Green Tree Fin. Corp.-Ala. v. Randolph, 531 US 79, 90–92 (2000). This is a substantial burden that Plaintiff bears. Muriithi v. Shuttle Exp., Inc., 712 F.3d 173, 181 (4th Cir. 2013).

Here, Plaintiff's filing only provides information as to some of the costs of the arbitration. Plaintiff has not provided any information as to the difference in costs between arbitration of this dispute and litigation in federal court. Furthermore, Plaintiff has not provided any information to this court as to the potential value of his claim, which is "a critical factor in a

prohibitive costs analysis." Muriithi, 712 F.3d at 182 (internal quotation marks omitted). Plaintiff has not provided any serious estimate as to what is at stake for him in this lawsuit.

Even assuming that Plaintiff met his burden regarding his ability to pay, Plaintiff has failed to present any evidence regarding the Green Tree factors. See Muriithi, 712 F.3d at 182 (dismissing arguments regarding prohibitive arbitration costs because plaintiff failed to establish most basic element of the challenge–the costs of arbitration–and failed to provide evidence of the value of his claim which is a critical factor in prohibitive costs analysis).

Plaintiff also argues in his motion that The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, Public Law No. 117-90 (March 3, 2022) has made it unlawful to require an employee to arbitrate sexual harassment claims. The Act, however, applies to only to any dispute or claim arising or accruing on or after the date of its enactment. Plaintiff's claims arose well before March 3, 2022.

For the reasons stated herein, Plaintiff's Motion to Recall this Case from Arbitration on Motion to Reconsider Order Compelling Arbitration, (Doc. No. 30), is **DENIED**.

Furthermore, the Court advises Plaintiff that it will not entertain any more motions by him in an effort to avoid arbitration. The parties **SHALL** continue with arbitration. Plaintiff's failure to continue with arbitration as ordered by this Court **WITHIN 30 DAYS OF THIS ORDER** will result in this action being dismissed without prejudice.

**IT IS SO ORDERED**.

Signed: May 6, 2022

Max O. Cogburn Jr.
United States District Judge