UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-394-MOC-WCM

| | |
|---|---|
| LOUIS D. GIBSON, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | |
| ) | |
| GILES CHEMICAL CORPORATION, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion. This is an employment discrimination action, filed by pro se Plaintiff Louis Gibson against his former employer Giles Chemical Corporation.

On April 20, 2021, the Court entered an Order staying this action pending arbitration between the parties. (Doc. No. 17). Plaintiff appealed to the Fourth Circuit Court of Appeals. On August 26, 2021, the Fourth Circuit dismissed Plaintiff's appeal. (Doc. No. 22). The Fourth Circuit issued its mandate on September 17, 2021. (Doc. No. 23).

On November 3, 2021, this Court entered an order requiring Plaintiff to notify the Court whether he had initiated arbitration proceedings. (Doc. No. 24). Plaintiff responded, stating, among other things, that he had not initiated arbitration proceedings because it's too costly for him to do so. However, Plaintiff did not provide evidence showing the relative costs of arbitration versus litigation and his ability to pay. See Green Tree Fin. Corp.-Ala v. Randolph, 531 U.S. 79, 90–92 (2000). Thereafter, this Court entered an Order dated May 6, 2022, requiring

1

Plaintiff to continue with arbitration proceedings.[1] (Doc. No. 33). The Court's Order expressly warned Plaintiff that the Court would dismiss this action without prejudice if Plaintiff failed to continue with arbitration proceedings within 30 days.

Thirty days have passed since the Court entered its Order, and Plaintiff has failed to continue with arbitration proceedings. See (Doc. Nos. 34, 35). Therefore, the Court dismisses this action without prejudice for failure to prosecute.

**IT IS SO ORDERED**.

Signed: July 28, 2022

Max O. Cogburn Jr
United States District Judge

---

[1] This was the second Order issued by the Court ordering Plaintiff to proceed with arbitration. The Court entered its first Order on December 7, 2021. (Doc. No. 27). Plaintiff ignored that Order and, instead, filed a Motion to Recall Case from Arbitration and a Motion for Reconsideration, which this Court denied in its Order of May 6, 2022. (Doc. Nos. 30, 33). Despite that the Court has clearly held that the parties are subject to arbitration, and despite the Court's clear orders for Plaintiff to proceed with arbitration, Plaintiff has simply repeatedly refused to do so.